UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS ROBINSON,

              Plaintiff,                                       Hon. Janet T. Neff

v.                                                Case No. 1:17-CV-948

YANGFENG US AUTOMOTIVE INTERIORS
SYSTEMS II LLC, et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>.  (ECF No. 16). Pursuant to 28 U.S.C. § 636(b), the undersigned recommends that Defendants' motion be **granted in part and denied in part** as detailed herein.

## BACKGROUND

On July 18, 2017, Plaintiff filed an Amended Complaint in a civil action he previously initiated in Kent County Circuit Court.[1]  (ECF No. 12-1 at PageID.75-79).   Plaintiff's Amended Complaint was asserted against JCIM, LLC and Yan Feng Interior Automotive and alleged religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act.   Plaintiff's claims arose from the defendants' alleged refusal to accommodate Plaintiff's religious practices by permitting him to depart work one hour early on Fridays.   On August 25, 2017, the Honorable George J. Quist entered a Scheduling Order in the state court matter providing, in relevant part, that discovery "must be completed by November 27, 2017" and "motions for summary disposition must be filed no

---

[1]  The date on which Plaintiff initiated this state court action cannot be discerned from the present record.

later than December 18, 2017."   (ECF No. 17-1 at PageID.135-39).

On October 31, 2017, Plaintiff initiated in this Court the present action against Yanfeng US Automotive Interiors and two of its employees alleging religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act.  (ECF No. 1).   On December 12, 2017, Defendants moved to dismiss Plaintiff's action for lack of jurisdiction.  (ECF No. 10-12).   Plaintiff responded to Defendants' motions by amending his complaint to recharacterize his claims as constituting religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.   Plaintiff's claims in the present action are premised on the same factual allegations which form the basis for his state court action, namely that defendants' refused to accommodate his religious practices by permitting him to depart work one hour early on Fridays.   Defendants now move the Court to abstain from adjudicating Plaintiff's Title VII claims "because of the pending State Court Action."   Defendants move, in the alternative, for dismissal of Plaintiff's claims against the two individual defendants for failure to state a claim and failure to exhaust administrative remedies.

## ANALYSIS

I.        **Abstention**

Defendants argue that the Court should abstain from adjudicating Plaintiff's Title VII claims on the ground that Plaintiff's pending state court action involves claims arising from the same set of operative facts.

As the Supreme Court has observed, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976).   As the Court further stated, "[a]bdication of the obligation to decide cases can be justified under [abstention] doctrine only in the exceptional circumstances where the

order to the parties to repair to the state court would clearly serve an important countervailing interest." *Ibid.* Abstention is not appropriate "merely because a State court could entertain" the action in question. *Id.* at 813-14. Nevertheless, "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" sometimes justify abstention by a federal district court regarding claims over which it otherwise enjoys jurisdiction. *Id.* at 817.

One circumstance in which abstention by a federal district court may be appropriate is where a plaintiff is pursuing parallel litigation in state and federal court. *Id.* at 817-18. In such a circumstance, the federal court must assess the propriety of abstention by reference to the following factors: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the plaintiff's federal rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *See Preferred Care of Delaware, Inc. v. VanArsdale*, 676 Fed. Appx. 388, 394-95 (6th Cir., Jan. 13, 2017). When assessing these factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983). Thus, where a particular factor fails to weigh in favor of abstention, such is to be considered a basis for retaining jurisdiction. *See Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citations omitted).

The two cases Plaintiff is pursuing are parallel for purposes of the abstention analysis. *See Preferred Care*, 676 Fed. Appx. at 393-94 (two cases are parallel for abstention purposes if the

parties are substantially similar and the claims are premised upon the same allegations and material facts).   Accordingly, the Court must now turn to an assessment of the aforementioned factors.

A.    Jurisdiction over Property and Convenience of the Federal Forum

These factors do not weigh in favor of abstention.   There is no assertion that the state court has assumed jurisdiction over any res property and there is likewise no reason to believe that litigating in this forum is less convenient.

B.    State Court Protection of Federal Rights and Concurrent Jurisdiction

These factors do not weigh in favor of abstention.   Plaintiff could have asserted his Title VII claims in state court and, furthermore, there is neither evidence nor argument that the state court is unwilling or unable to protect litigants' federal rights.   Plaintiff nevertheless has opted to pursue his state law claims in a state forum and his federal claims in a federal forum.   This is not inappropriate and, in fact, is expressly contemplated by federal law.   *See* 28 U.S.C. § 1367. Moreover, based upon Defendants' assertions regarding the extent to which Plaintiff's state court action has proceeded, it is less than certain that Plaintiff would be able to amend his state court complaint at this juncture to assert his Title VII claims.

C.    Piecemeal Litigation and Timing and Progress of the Two Actions

These factors all weigh in favor of abstention.   Plaintiff filed his state court action several months before initiating action in this Court and Plaintiff's state court action has proceeded through discovery and a dispositive motion deadline.   Moreover, declining to abstain will likely result in piecemeal litigation.

-4-

D.    Source of Governing Law

This factor weighs heavily against abstention.  As the Supreme Court has observed, while "the presence of state-law issues may weigh in favor of [abstention], the presence of federal-law issues must always be a major consideration weighing against [abstention]."  *Moses Cone*, 460 U.S. at 25-26.

In sum, the Court finds that the relevant factors weigh against abstention in this matter. While the Court concludes that abstention is not appropriate in this circumstance, such a determination does not shield Plaintiff from the impact of res judicata or collateral estoppel in the event the state court matter resolves certain issues in the first instance.

## II.    Individual Defendants

Defendants argue, in the alternative, that in the event the Court declines to abstain in this matter that Plaintiff's claims against individual defendants Paul Dieleman and Nguyet Tran be dismissed.  Plaintiff alleges that Dieleman and Tran violated his rights under Title VII of the Civil Rights Act of 1964.  However, Title VII does not provide for liability against individuals.  *See, e.g., Wathen v. General Electric Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997) ("Congress did not intend to provide for individual employee/supervisor liability under Title VII"); *Hopkins v. Canton City Board of Education*, 477 Fed. Appx. 349, 360 (6th Cir., Apr. 24, 2012) ("Title VII does not permit individual liability").  Accordingly, the undersigned recommends that Plaintiff's Title VII claims against Defendants Dieleman and Tran be dismissed for failure to state a claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 16), be **granted in part and denied in part**.  Specifically, the

undersigned recommends that Defendants' motion to abstain be denied and Plaintiff's Title VII claims against Defendants Dieleman and Tran be dismissed for failure to state a claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 16, 2018                                     /s/ Ellen. S. Carmody
                                                       ELLEN S. CARMODY
                                                       U.S. Magistrate Judge

-6-