UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ALI ROBINSON,

    Plaintiff,

v.

YANFENG US AUTOMOTIVE INTERIORS
SYSTEMS II LLC, et al.,

    Defendants.
_____/

Case No. 1:17-cv-948

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed this action against Defendants Yanfeng US Automotive Interiors Systems II LLC (Yanfeng) and two of its employees, alleging religious discrimination and retaliation in violation of Title VII of the Civil rights Act of 1964 (ECF Nos. 1, 13). Plaintiff's claims arise from Defendants' alleged refusal to accommodate Plaintiff's religious practices by permitting him to depart work one hour early on Fridays. Plaintiff previously filed an action against Defendants JCIM, LLC and Yanfeng Interior Automotive[1] in Kent County Circuit Court alleging religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act (ELCRA) based on the same facts (ECF No. 20-1 at PageID.158). On January 11, 2018, Defendants filed a motion to dismiss, or alternatively to stay this action, arguing that the Court should abstain from proceeding with this action because of the ongoing State Court Action (ECF No. 16; ECF No. 17 at PageID.126-129). Defendants further argued that the individual

---

[1] Defendants note that Plaintiff incorrectly named "Yanfeng Interior Automotive" as a Defendant in the caption of his lawsuit in the State Court Action; however, Plaintiff was employed by Yanfeng US Automotive Interior Systems II LLC at all times relevant to both the State Court Action and this lawsuit. (Obj., ECF No. 38 at PageID.328 n.1).

Defendants should be dismissed because (1) no individual liability exists under Title VII; and (2) Plaintiff failed to exhaust his administrative remedies as to the individual Defendants (ECF No. 17 at PageID.129-131).

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted in part and denied in part (ECF No. 35 at PageID.303-304). The Magistrate Judge recommended that Defendants' motion to abstain be denied, and that Plaintiff's claims against the individual Defendants, Paul Dieleman and Nguyet Tran, be granted for failure to state a claim since Title VII does not provide for liability against individuals (*id*. at PageID.303). The matter is presently before the Court on Defendants' Objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants in part and denies in part the objection and issues this Opinion and Order.

Defendants object to the portion of the Magistrate Judge's Report and Recommendation in which their Motion to Dismiss Plaintiff's Amended Complaint is denied in part (Obj., ECF No. 38 at PageID.330 n.2, 331). Therefore, the undersigned adopts the Report and Recommendation with regard to the dismissal of Plaintiff's Title VII claims against the individual defendants, Dieleman and Tran, for failure to state a claim (ECF No. 35 at PageID.303). The Court will grant Defendants' motion to dismiss (ECF No. 16) as to the individual Defendants.

With regard to Defendants' objection to the portion of the Report and Recommendation denying their motion to dismiss or stay on abstention grounds, Defendants assert that the Magistrate Judge erroneously assumed that the State Court Action remained pending. However, as Defendants noted in their Reply Brief, the State Court Action was dismissed in an opinion and

order issued January 28, 2018, which granted Defendants' motion for summary disposition and denied Plaintiff's motion for summary disposition (Reply Brief, ECF No. 20 & Ex. A, Kent Circuit Court Opin. and Or.). This objection has merit since the Report and Recommendation reflects that the State Court Action remains pending: "Plaintiff's state court action has proceeded through discovery and a *dispositive motion deadline*" (R&R, ECF No. 35 at PageID.302) and "While the Court concludes that abstention is not appropriate in this circumstance, such a determination does not shield Plaintiff from the impact of res judicata or collateral estoppel *in the event the state court matter resolves certain issues in the first instance*" (*id*. at PageID. 303; emphasis added). Accordingly, Defendants' objection is granted in part: this Court rejects the Report and Recommendation to the extent it does not take into account the dismissal of the State Court Action.

Defendants' objection is otherwise denied. Defendants argue that the Magistrate Judge erred by failing "to analyze, or even acknowledge, the arguments set forth in their February 2, 2018 Reply Brief … in which Defendants argued that Plaintiff's Amended Complaint should be dismissed under the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel) because of the State Court Opinion" (Obj., ECF No. 38 at PageID.331). These arguments, first raised by Defendants in their Reply Brief (ECF No. 20), were not the basis for Defendants' motion to dismiss pending before the Magistrate Judge. Defendants have since filed a Second Motion to Dismiss raising these arguments (ECF No. 36), which is fully briefed and remains pending before the Magistrate Judge. Because the State Court Action is no longer pending, and Defendants have filed a Second Motion to Dismiss, the Court will deny Defendants' motion to dismiss or stay this action on abstention grounds as moot, and will refer the matter back to the Magistrate Judge for further proceedings.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court except as stated herein. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 38) is GRANTED IN PART and DENIED IN PART: the objection that the Report and Recommendation failed to recognize that the State Court Action was dismissed is granted; Defendants' objection is otherwise denied; the Report and Recommendation of the Magistrate Judge (ECF No. 35) is APPROVED and ADOPTED as the Opinion of the Court except as stated herein.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 16) is GRANTED IN PART and DENIED IN PART: the Court grants the motion as to individual Defendants Paul Dieleman and Nguyet Tran, and they are dismissed from this action; the Court otherwise denies the motion as moot.

**IT IS FURTHER ORDERED** that this case is referred back to the Magistrate Judge for further proceedings deemed appropriate by the Magistrate Judge.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 25, 2018    /s/ Janet T. Neff
JANET T. NEFF
United States District Judge