UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ROBINSON,

        Plaintiff,                                     Hon. Janet T. Neff

v.                                                        Case No. 1:17-CV-948

YANFENG US AUTOMOTIVE INTERIORS
SYSTEMS II LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant's Motion to Dismiss</u>.  (ECF No. 36). Pursuant to 28 U.S.C. ' 636(b), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

        On February 13, 2017, Plaintiff initiated a civil action in state court alleging religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act.  (ECF No. 37-1 at PageID.321).  Plaintiff's action was asserted against Yanfeng US Automotive Interiors Systems II LLC (Yanfeng) and others.  On October 31, 2017, Plaintiff initiated in this Court the present action against Yanfeng and several of its employees alleging religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964.[1]  Plaintiff's claims in these two separate actions were premised on the same general factual allegations.  On January 28, 2018, the Honorable George J. Quist granted summary

---

[1] Plaintiff's claims against the individual defendants were later dismissed.

disposition in favor of the defendants in the state court action. (ECF No. 37-1 at PageID.319-26). Defendant Yanfeng now moves for relief on the ground that the disposition of Plaintiff's state law claims precludes the continued prosecution of the present action. The Court agrees.

## ANALYSIS

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09. All the elements of res judicata are satisfied in this instance.

As noted above, Plaintiff initially sought relief in state court. A final decision on the merits was entered in that action on January 28, 2018, by the Honorable George J. Quist. (ECF No. 37-1 at PageID.319-26). The present action, like Plaintiff's state court action, is asserted against Yanfeng. The issues asserted in the present action were asserted, or could have been asserted, in the previous action. Finally, the claims asserted in the present action are, for res judicata purposes, identical to the claims asserted in the previous action as they arise from the same transaction. *See, e.g., Butler v. FCA US, LLC*, 119 F.Supp.3d 699, 707 (E.D. Mich. 2015) (claims arising from the same transaction satisfy the res judicata identity element). In sum, all four elements of the res judicata analysis are satisfied. The present action, therefore, fails to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007).  Accordingly, the undersigned recommends that Defendant's motion to dismiss be **granted**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 36), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. ' 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court=s order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 30, 2018                                     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge