UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ALI ROBINSON,

    Plaintiff,

v.

YANFENG US AUTOMOTIVE INTERIORS
SYSTEMS II LLC, et al.,

    Defendants.
_____/

Case No. 1:17-cv-948

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed this action against Defendants Yanfeng US Automotive Interiors Systems II LLC (Yanfeng) and two of its employees, alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (ECF No. 13). Plaintiff previously filed an action against Defendant Yanfeng and others in Kent County Circuit Court alleging religious discrimination and retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act (ELCRA) based on the same general facts. The remaining Defendant, Yanfeng, moved for dismissal of this action on grounds of claim preclusion (res judicata) after the state action was dismissed (ECF Nos. 36, 37).[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 50), recommending that Defendant's motion be granted, and this action terminated. The matter is presently before the Court on Plaintiff's Objection to the Report and Recommendation (ECF No. 52). Defendant has filed a response (ECF

---

[1] The individual Defendants were dismissed following a previous Report and Recommendation on Defendants' Motion to Dismiss and this Court's September 25, 2018 Opinion and Order (ECF No. 49).

No. 54). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

Plaintiff advances one specific objection to the Report and Recommendation:

> Plaintiff objects to the portion of the magistrate judge's report and recommendation in which the first element of res judicata is not satisfied "(1) a final decision on the merits by a court of competent jurisdiction." Jurisdiction in State Court is neither competent or proper. Magistrate's analysis fails as a matter of law.

(Pl. Obj., ECF No. 52 at PageID.468).

Defendant responds that the "objection lacks merit because the State Court had jurisdiction over Plaintiff's ELCRA claims, as well as over his claims under Title VII …, which Plaintiff could have but failed to assert in the State Court Action" (Def. Resp., ECF No. 54 at PageID.490).

Plaintiff's objection is without merit. As the Magistrate Judge noted, a final decision on the merits was entered in the state court action on January 28, 2018 (R&R, ECF No. 50 at PageID.463). The Magistrate Judge considered appropriate authority and properly determined that this satisfies the first element of res judicata (*id.*).

Plaintiff nonetheless sets forth two further arguments in support of his objection, neither of which is directly relevant or changes this result. First, Plaintiff points to the August 2, 2017 Notice of Rights he received from the United States Equal Employment Opportunity Commission (EEOC) stating in part, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed within 90 days …" (*see* Pl. Obj., ECF No. 52 at PageID.468; Pl. Ex. A, ECF No. 52-1 at PageID.472). Plaintiff therefore asserts that his "lawsuit is timely" (Pl. Obj., ECF No. 52 at PageID.469). Second, Plaintiff argues that his original state complaint did not name Yanfeng as a Defendant, and Yanfeng was added

2

only when ordered by the circuit court; further, "Plaintiff's failure to submit a Federal Complaint would have placed him in jeopardy of [losing] his recourse at relief [sic]" (Pl. Obj., ECF No. 52 at PageID.469).

These arguments do not demonstrate error in the Magistrate Judge's analysis or conclusions. The issue of timeliness was not addressed by the Magistrate Judge and has no bearing on the outcome. Furthermore, as Defendant contends, the Notice of Rights from EEOC supports the Magistrate Judge's determination that Plaintiff's claims in this action "were asserted, or could have been asserted," in the state action (*see* R&R, ECF No. 50 at PageID.463).

The Court therefore denies Plaintiff's objection. The Court further grants Defendant's motion to dismiss as recommended by the Magistrate Judge (*see* R&R, ECF No. 50). All claims in this case having been resolved, the Court will enter a Judgment. *See* FED. R. CIV. P. 58.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (ECF No. 52) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  March 8, 2019                                             /s/ Janet T. Neff                
                                                                           JANET T. NEFF
                                                                           United States District Judge